# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION

GERARD DOUGLAS BUCKNER (# 109750)                                     PLAINTIFF

v.                                                                                No. 4:08CV149-A-S

CHRISTOPHER EPPS, ET AL.                                               DEFENDANTS

### MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Gerard Douglas Buckner, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the plaintiff's claims against defendant Christopher Epps shall be dismissed for failure to state a claim upon which relief could be granted, and the plaintiff's claims against defendant Dr. Benford shall proceed.

### Factual Allegations

On January 22, 2008, the plaintiff visited Dr. Benford about swollen glands due to infected teeth. Dr. Benford told the plaintiff that a lower back tooth and the tooth above it (both on the left side) required extraction. The extraction was delayed because of the infection. On January 24, 2008, the plaintiff visited Dr. Benford again for the extraction. When the planitiff arrived, he noticed that Dr. Benford had the plaintiff's Mississippi Department of Corrections internet site profile displayed on his computer with the plaintiff's rape charge highlighted. When Dr. Benford performed the extraction, he pulled three bottom teeth on the plaintiff's left side. In doing so, one of the plaintiff's teeth broke off, and Benford left the tooth fragment in the plaintiff's jaw. The plaintiff did not receive a prescription for pain or for antibiotics.

**Personal Involvement**

Section 1983 liability cannot be predicated upon a *respondeat superior* theory. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). For a plaintiff to state a viable cause of action under § 1983, he must "identify defendants who are either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995) (citing *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983)). In this case, the plaintiff does not allege that Christopher Epps had any personal involvement in the incident. As such, all of the plaintiff's claims against Christopher Epps shall be dismissed for failure to state a constitutional question. The plaintiff's claims against Dr. Benford for denial of adequate medical care shall, however, proceed. A judgment consistent with this memorandum opinion shall issue today.

       **SO ORDERED,** this the   26th   day of November, 2008.


                **/s/ Sharion Aycock**
                **U. S. DISTRICT JUDGE**