# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**GERARD DOUGLAS BUCKNER**                                               **PLAINTIFF**

**v.**                                                 **No. 4:08CV149-A-S**

**CHRISTOPHER EPPS, ET AL.**                                        **DEFENDANTS**

## ORDER ON MOTIONS

The following motions filed by the plaintiff are pending in this case: (1)Motion [43] to Strike Ruling of Previous "Deadline to Extend Time to Conduct Discovery," (2) Motion [44]for Injunctive Relief, and (3) Motion [45] for Defendants to Cease and Desist. These motions will be denied.

### Motion [44] for Injunctive Relief and
### Motion [45] for Defendants to Cease and Desist

The facts in Buckner's two motions [44], [45] for equitable relief overlap; as such, the court will discuss the facts presented together. Buckner filed the present § 1983 case on October 31, 2008. On July 31, 2008, Buckner was transferred from Issaquena County Correctional Facility (which is near his home) to Kemper-Neshoba County Regional Correctional Facility (which is 400 miles away from his home).

On August 24, 2009, he was told to pack his things for a move to the Central Mississippi Correctional Facility for an eye examination. He wrote to the nurse there to ensure that he maintained his medically ordered diet tray with snack to manage his condition of diabetes. Someone told him that the diet had been ordered for him, but it was not.

He was then transferred back to Kemper-Neshoba County, where he was assigned a top bunk. Buckner informed the Sergeant that he was medically approved for a bottom bunk, but he remained in a top bunk. In addition, because of the frequent transfers from one facility to another, mail (even

mail from the court) took from ten to fourteen days to reach Buckner from the sender. Buckner worried that the delay could hurt his legal position. Buckner was transferred to the Trustee Building (G Building) on August 31, 2009, because his status had changed. The next day (September 1) a case manager told Buckner he would be getting a prison job on September 2, 2009. On that day, Buckner went to 720 building (transit building) for a medical update and to sign the diet certificate. The eye doctor told Buckner that his glasses would be ready in about two weeks. Buckner then returned to G Building. On September 4, 2009, a sergeant moved Buckner to F Building, where prison rule violators, "court order" inmates, and chronically ill inmates are housed. The sergeant did not know why Buckner had been moved. Buckner was again assigned a top bunk, even though he had a bottom bunk profile.

On September 8, 2009, Buckner was moved to Unit 26-A of the Mississippi State Penitentiary in Parchman. He again filled out a request for his medically ordered diet. On September 23, 2009, Buckner asked his case manager why he had been transferred so frequently; the case manager told him that the Mississippi Department of Corrections need not give a reason for transferring inmates. Five weeks later, he had not received: mail sent to him at the previous institutions, food comporting with his medical diet, money or books, eyeglasses, or the prison job his case manager told him about.

## Discussion of Motions for Injunctive Relief

The motions for preliminary injunctive relief must be denied. A party must prove four elements to be entitled to preliminary injunctive relief: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury to the movant outweighs any harm that may result from the injunction to the non-movant; and (4) that the injunction will not disserve the public interest. *DSC Communications*

*Corp. v. DGI Technologies, Inc.*, 81 F.3d 597, 600 (5th Cir. 1996); *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 1058, 134 L. Ed. 2d 202 (1996). A preliminary injunction is an extraordinary remedy, "not to be granted routinely, but only when the movant, by a clear showing, carries [the] burden of persuasion." *Black Fire Fighters Assoc. v. City of Dallas*, 905 F.2d 63, 65 (5th Cir. 1990) (quoting *Holland Amer. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)).

### Retaliation

Buckner is unable to meet the first element to sustain a motion for preliminary injunction because he has not shown a substantial likelihood of success on the merits of his arguments. The elements of a claim under a retaliation theory (the substantive claim supporting Buckner's request for injunctive relief) are the plaintiff's invocation of "a specific constitutional right," the defendant's intent to retaliate against the plaintiff for his exercise of that right, a retaliatory adverse act, and causation, *i.e.*, "but for the retaliatory motive the complained of incident . . . would not have occurred." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir.1995) (citations omitted ), *cert. denied*, 516 U.S. 1084, 116 S. Ct. 800, 133 L. Ed. 2d 747 (1996).

In this case, Buckner must prove that he engaged in constitutionally protected activity, faced the consequence of being transferred to other prisons on multiple occasions, and that the transfers were conducted "in an effort to chill [his] access to the courts or to punish [him] for having brought suit." *Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1296 (5th Cir.), *cert. denied*, 513 U.S. 926, 115 S. Ct. 312, 130 L. Ed. 2d 275 (1994); *see also Serio v. Members of Louisiana State Bd. of Pardons*, 821 F.2d 1112, 1114 (5th Cir.1987). Buckner must show more than his "personal belief that he is the victim of retaliation." *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997).

Buckner offers only his "personal belief that he is the victim of retaliation." The facts set

forth in his motions do not support a claim of retaliation. The first transfer Buckner complains of occurred on July 31, 2008 – *before* he filed the present complaint (October 31, 2008).[1] Thus, the first transfer could not have been in retaliation for the filing of this lawsuit. Buckner then alleges that he was transferred to the Central Mississippi Correctional Facility on August 24, 2009, for medical reasons, including an eye examination. The eye examination took place, and it appears that Buckner returned on about September 1, 2009, to Kemper-Neshoba County, where he was transferred several times among various buildings. Buckner's case manager told him that he would soon begin a prison job. Finally, Buckner was transferred to Unit 26 at the Mississippi State Penitentiary, where he remains. Buckner argues that the repeated moves interfered with his receipt of incoming mail, his medical diet for diabetics, his receipt of his eyeglasses, his assignment to a bottom bunk, and beginning the prison job his case manager discussed with him.

These facts do not state a claim for retaliation. First, the initial transfer occurred before the present case was filed; as such, that transfer could not have been motivated by retaliation. The second transfer was a temporary one to facilitate a medical examination; thus, it clearly was not the result of retaliation. Most importantly, Buckner does not allege that Dr. Benford (or any other person mentioned in his two motions for injunctive relief) in any way conducted or influenced the transfers. Buckner also does not state who ordered the various transfers – or whether the prison officials and staff mentioned in the two motions for injunctive relief even knew of this lawsuit. Without knowledge of the suit, they could not use it as a basis for retaliation. In short, Buckner has not alleged any connection between his lawsuit, his repeated transfers, and the results of those transfers (delayed mail, assignment to a bottom bunk, etc.). For these reasons, Buckner's claims of retaliation

---

[1] The first transfer Buckner discusses is the move from Issaquena County Correctional Facility (near Bucker's home) to the Kemper-Neshoba County Regional Correctional Facility – some 400 miles away from home..

are not likely to succeed on the merits – and his requests for injunctive relief will be denied.

Buckner has also filed a motion [43] to reconsider the court's order denying his request to extend the deadline for discovery. The court denied the motion because the defendant provided the standard discovery documents to Buckner, who did not demonstrate the need for additional discovery. Buckner still has not shown such need, and the motion will be denied.

**SO ORDERED,** this the 19th day of January, 2010.

/s/ Sharion Aycock
**U.S. DISTRICT JUDGE**