# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION

GERARD DOUGLAS BUCKNER                                                                    PLAINTIFF

v.                                                                                          No. 4:08CV149-A-S

CHRISTOPHER EPPS, ET AL.                                                                 DEFENDANTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Gerard Buckner, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The defendant has moved for summary judgment. The plaintiff has not responded to the motion, and the deadline for response has long expired. For the reasons set forth below, the defendant's motion for summary judgment will be granted and judgment will be entered for the defendant. In addition, as discussed below, the plaintiff's remaining motion will be dismissed.

**Summary Judgment Standard**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)). After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine

issue for trial. *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish Sch. Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*. at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Fed. Sav. and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992). The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Allen*, 204 F.3d at 621; *PYCA Indus., Inc. v. Harrison County Waste Water Mgmt. Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

### Factual Allegations

Buckner alleges that Dr. Benford examined him on January 22, 2008, "willfully and maliciously" extracted three of Buckner's teeth on January 24, 2008, and provided neither antibiotics nor painkillers during follow-up treatment. Buckner claims that Dr. George Benford denied him adequate dental care by causing Buckner excruciating pain with "spasmodic reaction thus breaking

off and leaving remains of wisdom tooth in back of mouth without any prescription pain and/or antibiotic pill afterward."

**Undisputed Material Facts**

As Buckner has not responded to the motion for summary judgment, the only proof in the record supporting his claim is his unsubstantiated allegation in his complaint that after extracting Buckner's teeth, Dr. Benford did not prescribe pain medication or antibiotics. In order to create a genuine issue of material fact sufficient to support a motion for summary judgment, the non-moving party must do more than just create

> some metaphysical doubt as to the material facts, *Matsushita,* 475 U.S. at 586, 106 S.Ct. at 1356, [with] 'conclusory allegations,' *Lujan,* 497 U.S. at 871-73, 110 S.Ct. at 3180, by 'unsubstantiated assertions,' *Hopper v. Frank,* 16 F.3d 92 (5th Cir.1994), or by only a 'scintilla' of evidence, *Davis v. Chevron U.S.A., Inc.,* 14 F.3d 1082 (5th Cir.1994). We resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. *We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts. See Lujan,* 497 U.S. at 888, 110 S.Ct. at 3188.

*Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(emphasis in original). The allegations in Buckner's complaint are the very type of "unsubstantiated allegations" the Fifth Circuit found in *Little* to be insufficient to create a genuine issue of material fact. For this reason, they cannot, alone, create a genuine issue of material fact to defeat a motion for summary judgment. With this in mind, the court sets forth the following undisputed material facts.

The plaintiff alleges that he reported pain and tenderness in his jaw and gums – and that Dr. Benford examined him, diagnosed the problem as abscessed teeth, and extracted three teeth. Dr. Benford acknowledges these facts. Buckner also alleges that Dr. Benford failed to prescribe either antibiotics or painkillers after the extraction. This allegation is simply not supported in Buckner's dental records.

On January 19, 2008, Buckner presented for treatment complaining of a two day history of swelling to his jaw and neck, difficulty eating, and chills. On physical assessment he was noted to have swelling to the left side of his neck and jaw. He was diagnosed with a tooth abscess and admitted to the infirmary with orders to receive intravenous Cleocin (an antibiotic) three times per day. Dr. Benford also ordered that Buckner receive Vicodin, two tablets every four hours as needed for pain, and Ibuprofen 600 mg every six hours as needed for pain. At the time of his admission to the infirmary Buckner's blood pressure was 120/80, his pulse was 80, and his temperature was 96.8°.

On January 22, 2008, Dr. Benford examined Buckner and noted the presence of an abscess at tooth number 17 and the root tip of tooth number 19. Dr. Benford planned to extract these teeth on January 24, 2008, if Buckner's swelling had decreased. On January 23, 2008, Buckner's intravenous Cleocin was discontinued, and Cleocin was instead to be given orally 3 times per day for 10 days. Buckner returned to Dr. Benford on January 24, 2008. At that time Dr. Benford examined Buckner, determined that three teeth (numbers 17, 18, and 19) were abscessed, extracted those teeth. Buckner was discharged from the infirmary on January 25, 2008. His discharge medications included the antibiotic Cleocin 150 mg 3 times per day for 10 days, and the non-asteroidal anti-inflammatory drug Ibuprofen 600 mg 3 times per day for 10 days, as needed for pain. Thus, the medical records show that Dr. Benford prescribed pain medication and antibiotics to Buckner, the appropriate treatment for a patient with a dental abscess. A dental evaluation completed on Buckner in 2005 documented that his teeth numbered 17 and 19 were non-restorable. Dr. Benford noted the presence of severe dental carries (tooth decay) in those teeth on January 24, 2008. Buckner received pain medication and antibiotics both before and after his teeth were extracted, and Dr. Benford ordered these medications to be continued after Buckner's discharge from the infirmary.

**Denial of Medical Treatment**

In order to prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must prove facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may knowledge of substantial risk of serious harm be inferred by a court from the obviousness of the substantial risk. *Id*. Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327 (1986), *Davidson v. Cannon*, 474 U.S. 344 (1986). A prisoner's mere disagreement with medical treatment provided by prison officials does not state a claim against the prison for violation of the Eighth Amendment by deliberate indifference to his serious medical needs. *Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir.2001); *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

**Discussion**

Given the record evidence in this case, the facts do not support Buckner's claims. He sought medical treatment for pain in his jaw and neck. Dr. Benford examined Buckner, diagnosed him with

-5-

abscessed teeth, and treated him for the abscesses. First, Dr. Benford prescribed antibiotics and painkillers to get rid of the swelling and infection in preparation for extracting the abscessed teeth. Then, he removed the three affected teeth. For follow-up care, Dr. Benford again prescribed painkillers and antibiotics. As discussed above, Buckner's treatment is well-documented in the record. This course of treatment does not rise to the level of deliberate indifference; at most, the claim is that Buckner disagrees with the course of treatment, which does not state an Eighth Amendment claim for deliberate indifference. *Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir.2001), *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). For this reason, the defendant's motion for summary judgment will be granted and judgment entered for the defendants.

Buckner has moved [46] to call witnesses at a trial of this case. In light of the court's decision to grant the defendant's motion for summary judgment, this final motion will be dismissed as moot. A final judgment consistent with this memorandum opinion will issue today.

SO ORDERED, this the 19th day of January, 2010.

                                        **/s/ Sharion Aycock**
                                        **U.S. DISTRICT JUDGE**